# United States District court
# District of Rhode Island (Providence)

Plaintiff:
Wolf Pawochawog-Mequinosh
Vs.
Defendant(s):
#1 Wayne T. Salisbury, Jr.,
 In his individual and official capacity.
#2 Dr. Glenn Tucker, MD;
In his individual and official capacity.
#3 Carolyn Taraborelli-Baxter, APRN,
 In her individual and official capacity.
#4. Emma Porter, Nurse Practitioner, (NPI: 1194303982),
In her individual and official capacity.
#5. Rhode Island Department of Corrections,
#6. Prison Health Services, Inc.

Jury Demand: plaintiff

Nature of the suite: 555(prison conditions)
Cause: 28: 1343(Violation of civil rights)

Civil Action No. [To be assigned]

**RECEIVED**

SEP 16 2025

U.S. DISTRICT COURT
DISTRICT OF R.I.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983 and REQUEST FOR INJUNCTIVE RELIEF

### I. JURISDICTION & VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and 42 U.S.C. § 12132.

2. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202 and Ex parte Young, 209 U.S. 123 (1908).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events and omissions giving rise to these claims occurred at Rhode Island Department of Corrections (RIDOC) Medium Security facilities in Cranston, Rhode Island, within this District.

### II. INTRODUCTION

4. This action seeks redress for ongoing violations of Plaintiff's Eighth Amendment rights due to deliberate indifference to serious medical needs by officials and medical staff of the Rhode Island Department of Corrections (RIDOC). **As a matter of record, there is another 42 U.S.C. §1983 complaint that involves the Defendants' and myself: RIDOC, Dr. Glenn Tucker, MD, and Carolyn Taraborelli-Baxter, APRN, case number 1:25-cv-00061-MRD-PAS.**

5. Plaintiff is a Type 1 diabetic — a condition requiring vigilant and precise management of insulin therapy. Abrupt, medically unsafe changes to this regimen pose a substantial risk of severe harm, including diabetic ketoacidosis, coma, and death.

6. Defendants have knowingly placed Plaintiff on an ineffective insulin regimen, ignored repeated reports of dangerous symptoms, despite clear medical evidence of harm.

## III. PARTIES

7. Plaintiff Wolf Pawochawog-Mequinosh (RIDOC #529790) is currently incarcerated at RIDOC Medium Security, Cranston, Rhode Island.

8. Defendant Wayne T. Salisbury Jr. is the Director of RIDOC.

9. Defendant Dr. Glenn Tucker is Medical Director at RIDOC, responsible for supervising medical care provided to inmates.

10. Defendant Carolyn Taraborelli-Baxter is Assistant Medical Director at RIDOC.

11. Defendant Emma Porter is a Nurse Practitioner at RIDOC (NPI: 1194303982).

12. Rhode Island Department of Corrections, (ACI) is the entity that employs the defendants and houses the Plaintiff.

13. Prison Health Services, Inc. (PHS) is the entity that employs Nurse Practitioner Porter and formulates insulin-formulary decisions. Without PHS, complete relief cannot be granted, and inconsistent obligations may arise.

14. All individual Defendants are sued in their individual capacities for damages and in their official capacities for prospective injunctive and declaratory relief.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Plaintiff has exhausted all "available" administrative remedies under 42 U.S.C. § 1997e(a). RIDOC does not permit standard grievances for medical treatment decisions. Plaintiff pursued the only pathways open to him by submitting multiple written medical requests and complaints directly to medical staff and administrators, including N.P. Emma Porter, Assistant Medical Director Taraborelli-Baxter, and Medical Program Director Dr. Tucker. Those submissions were ignored or denied, rendering further administrative relief unavailable in practice. See Ross v. Blake, 578 U.S. 632 (2016).

## V. FACTUAL ALLEGATIONS

16. Plaintiff is a diagnosed Type 1 diabetic—a serious medical condition requiring daily insulin therapy to sustain life and avoid DKA.

17. Plaintiff was previously maintained on insulin detemir (Levemir), which effectively controlled his blood glucose without severe side effects.

18. After Levemir was discontinued, RIDOC's formulary provided insulin glargine (Semglee). Plaintiff experienced adverse side effects (including extreme thirst and urination, polyuria, headaches, fatigue, and accessional dizziness) and poor glycemic control on Semglee.

19. Plaintiff is intolerant to rapid-acting insulin, which causes severe hypoglycemic crashes, making a standard basal–bolus regimen medically unsafe for him.

20. Nurse Practitioner Emma Porter identified insulin degludec (Tresiba) as a clinically appropriate alternative and attempted to obtain approval on or about July 25, 2025; RIDOC medical administration denied the request.

21. Despite knowing Plaintiff's Type 1 diabetes, his intolerance to rapid-acting insulin, and his loss of control on Semglee, Defendants failed to provide an effective alternative basal insulin.

22. Plaintiff's hemoglobin A1C reached approximately 14.0%. A treating physician recommended left hand surgery but required Plaintiff's A1C to be below 9.0% before proceeding. Due to Defendants' failure to provide appropriate insulin therapy, the surgery has been postponed, causing ongoing pain, functional impairment, and risk of further harm.

23. Plaintiff submitted multiple written medical complaints and requests for proper treatment to N.P. Porter, Assistant Medical Director Taraborelli-Baxter, and Medical Program Director Dr. Tucker. No adequate treatment or safe alternative insulin regimen was provided.

24. RIDOC and supervisory Defendants adhere to rigid formulary/cost policies and practices that override individualized medical judgment, resulting in denial of medically necessary insulin therapy for Plaintiff.

25. The denial of appropriate insulin therapy has caused Plaintiff physical pain, severe hyperglycemia, heightened risk of acute medical crisis, emotional distress, and loss of eligibility for medically necessary surgery.

26. At all relevant times, Defendants knew of and disregarded an excessive risk to Plaintiff's health and safety.

27. The risks of untreated or poorly controlled Type 1 diabetes are well-known to medical professionals and include irreversible organ damage, blindness, amputation, coma, and death.

28. Defendants' conduct constitutes deliberate indifference, not mere negligence.

VI. LEGAL FRAMEWORK

29. Deliberate indifference to serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825 (1994).

30. Persisting in ineffective care, denying medically indicated treatment for non-medical reasons, and delays that exacerbate pain or risk can constitute deliberate indifference. See, e.g., Johnson v. Wright, 412 F.3d 398 (2d Cir. 2005); Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484 (1st Cir.

2011); Perry v. Roy, 782 F.3d 73 (1st Cir. 2015); Natale v. Camden Cnty., 318 F.3d 575 (3d Cir. 2003); Scinto v. Stansberry, 841 F.3d 219 (4th Cir. 2016); Petties v. Carter, 836 F.3d 722 (7th Cir. 2016).

31. A substantial risk of serious future harm, including risk of DKA and postponement of indicated surgery due to uncontrolled A1C, is actionable. Helling v. McKinney, 509 U.S. 25 (1993).

32. The PLRA requires exhaustion only of remedies that are actually available. Ross v. Blake, 578 U.S. 632 (2016).

33. Title II of the ADA prohibits a public entity from excluding a qualified individual with a disability from participation in or denying the benefits of its services, programs, or activities, or otherwise discriminating by reason of such disability. 42 U.S.C. § 12132.

## VII. CLAIMS FOR RELIEF

Count I — Eighth Amendment (Deliberate Indifference), 42 U.S.C. § 1983

(Against Prison Health Services, Inc., Salisbury, Tucker, Taraborelli-Baxter, Porter, and RIDOC)

34. Plaintiff incorporates paragraphs 1–33.

35. Plaintiff's Type 1 diabetes is a serious medical need.

36. Defendants knew of and disregarded a substantial risk of serious harm by persisting in ineffective treatment (Semglee), denying access to a medically appropriate alternative (e.g., Tresiba), and leaving Plaintiff without any insulin therapy that does not provide relief.

37. Defendants' actions and omissions caused and continue to cause pain, uncontrolled hyperglycemia, heightened risk of DKA, an A1C of approximately 14.0%, and postponement of necessary surgery.

Count II — Supervisory Liability, 42 U.S.C. § 1983

(Against Salisbury, Tucker, and Taraborelli-Baxter in their individual capacities)

38. Plaintiff incorporates paragraphs 1–37.

39. These Defendants had actual knowledge of Plaintiff's condition, the denials of appropriate treatment, and the risks posed by rigid formulary policies that override individualized medical judgment.

40. Through their own acts or omissions—including maintaining or enforcing policies, customs, or practices—they were deliberately indifferent to Plaintiff's constitutional rights and proximately caused his injuries.

Count III — Equal Protection, U.S. Const. amend. XIV; 42 U.S.C. § 1983

(Against Salisbury, Tucker, Taraborelli-Baxter, Porter)

41. Plaintiff incorporates paragraphs 1–40.

42. Defendants intentionally treated Plaintiff differently than similarly situated prisoners with serious medical needs by denying individualized, medically necessary insulin therapy without a rational basis, and/or by arbitrarily enforcing formulary restrictions against Plaintiff in a manner that deprived him of adequate care.

43. The disparate, arbitrary treatment lacks any legitimate penological justification and violates the Equal Protection Clause.

Count IV — Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132

(Against RIDOC via official-capacity defendants and Prison Health Services, Inc.)

44. Plaintiff incorporates paragraphs 1–43.

45. Plaintiff is a qualified individual with a disability (Type 1 diabetes substantially limits one or more major life activities, including endocrine function and self-care).

46. RIDOC is a public entity subject to Title II.

47. By denying medically appropriate insulin therapy and refusing reasonable modifications to formulary or protocol to accommodate Plaintiff's disability and intolerance to rapid-acting insulin, RIDOC excluded Plaintiff from and denied him the benefits of RIDOC's medical services by reason of his disability.

48. RIDOC acted with deliberate indifference to Plaintiff's federally protected rights. Plaintiff seeks injunctive relief and damages to the extent permitted by law.

Count V — Official-Capacity Injunctive and Declaratory Relief (Ex parte Young)

(Against Salisbury, Tucker, and Taraborelli-Baxter in their official capacities, Prison Health Services, Inc. and RIDOC)

49. Plaintiff incorporates paragraphs 1–48.

50. Ongoing policies, practices, and denials prevent Plaintiff from accessing medically appropriate insulin therapy and necessary monitoring, causing continuing and irreparable harm.

51. Prospective relief is necessary to halt ongoing constitutional and statutory violations.

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Issue preliminary and permanent injunctive relief requiring Defendants to:

   i. Prompt evaluation by a qualified provider and initiation of a medically appropriate basal insulin regimen tailored to Plaintiff's needs, specifically including consideration and trial of insulin degludec (Tresiba) or another clinically suitable alternative given Plaintiff's intolerance to rapid-acting insulin;

   ii. Ongoing monitoring and timely adjustments consistent with prevailing standards of care and constitutional requirements;

   iii. Documentation and disclosure to Plaintiff of his glucose logs and relevant medical records.

b. Declare that Defendants' acts and omissions violated Plaintiff's rights under the Eighth and Fourteenth Amendments and Title II of the ADA.

c. Award compensatory damages against individual-capacity Defendants for pain and suffering, loss of medical stability, and surgery postponement.

d. Award punitive damages against individual-capacity Defendants for reckless or callous indifference to Plaintiff's rights and health.

e. Award reasonable costs and fees as allowed by law, including 42 U.S.C. § 1988 and 42 U.S.C. § 12205.

f. Order preservation of relevant evidence, including medical records, formulary policies, emails, incident and utilization review files, and request logs concerning Plaintiff's diabetes care.

g. Enter an appropriate protective order to safeguard the confidentiality of Plaintiff's medical records.

h. Grant leave to proceed in forma pauperis.

i. Appoint pro bono counsel under 28 U.S.C. § 1915(e)(1) given the complexity of medical and constitutional issues and Plaintiff's limited access to legal resources.

j. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Wolf Pawochawog-Mequinosh

Wolf Pawochawog-Mequinosh
Medium Security, ID # 529790 DR 7-B
P.O. Box 8274
Cranston, RI 02920

Date: 9/10/2025