UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| WOLF PAWOCHAWOG-MEQUINOSH,<br>    Plaintiff,<br><br>v.<br><br>WAYNE T. SALISBURY, JR.; DR. GLENN TUCKER, M.D.; CAROLYN TARABORELLI-BAXTER, APRN; EMMA PORTER, NP; RHOD ISLAND DEPARTMENT OF CORRECTIONS; PRISON HEALTH SERVICES, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 25-cv-470-JJM-PAS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

The Plaintiff Wolf Pawochawog-Mequinosh has filed with his Complaint a Motion to Proceed *In Forma Pauperis*, which requires the Court to determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required). The Court has conducted that review and determined that in its present state the Complaint fails to state a plausible federal claim for relief but it extends the Plaintiff 30 days in which to file an Amended Complaint if he chooses to.

Mr. Pawochawog-Mequinosh is an inmate at the Adult Correctional Institutions, in the custody of the Rhode Island Department of Corrections ("DOC"). He suffers from Type 1 diabetes and complains that the prison has violated its duty under the Eighth Amendment of the United States Constitution to provide adequate medical care. Such a claim, to be adequately pleaded, must allege that a defendant

deliberately disregarded a serious risk to the plaintiff's health, thus causing "unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Neither negligent medical treatment nor a difference in judgment about appropriate treatment reaches constitutional proportions. *Id.* at 106-7.

In this Complaint, Mr. Pawochawog-Mequinosh alleges that his insulin regimen was changed from one that effectively controlled his blood sugar to one that does not and that such a change presents a risk of the serious consequences that attend a diabetic whose glucose level is not well-regulated. While the Court can foresee that such a Complaint could potentially pass muster under 28 U.S.C. § 1915(a), this Complaint does not for these reasons:

1. No involvement in medical policy or other conduct by Director of Corrections Salisbury is alleged, and his simple oversight of the DOC generally does not give rise to § 1983 liability. If the Plaintiff can plausibly allege that he sets medical policy and that the medical policy was violated or inadequate, the prospect of injunctive relief might keep him in the action. Otherwise, absent his hand in the events or situation that caused the alleged injury, he would ultimately be dismissed.

2. The same is true of Medical Director Tucker and Assistant Medical Director Taraborelli-Baxter. The Court cannot infer from their positions alone that they participated in the decision-making around Mr. Pawochawog-Mequinosh's treatment or that they are responsible. There is no *respondeat superior* liability in an action under 42 U.S.C. § 1983. There is an allegation

that "medical administration" denied an attempt by defendant Porter to put the Plaintiff on a different regimen, but there is no indication that either defendant Tucker or Taraborelli-Baxter made that decision. Nor, even if they did, is there an allegation that they were aware that the formulary the Mr. Pawochawog-Mequinosh was on was causing serious adverse health effects. The sparse and conclusory allegations contained in Count II are not enough.

3. Mr. Pawochawog-Mequinosh has named Nurse Practitioner Porter, but, according to the allegations in the Complaint, she attempted to change his insulin regimen to one that apparently satisfies him, but was denied permission. The Court does not understand why that action should subject her to constitutional liability, and Mr. Pawochawog-Mequinosh would do well to elaborate on his theory of liability concerning Nurse Porter.

4. While Mr. Pawochawog-Mequinosh alleges that his glucose level reached 14%, and that a consequence of that was to deny him access to surgery which required a level of 9% or lower, he does not indicate whether that high level continued (or happened repeatedly) nor which defendants were aware that the prescribed insulin was inadequate. The hallmark of an Eighth Amendment inadequate medical treatment claim is *deliberate disregard* and only if a defendant was aware of an actual or likely high risk can there be liability.

5. Prison Health Services is sued only as the employer of defendant Porter, but there are no supplemental claims that might entail *respondeat superior* liability and there is no allegation that Prison Health Services has control over any policies related to Mr. Pawochawog-Mequinosh's insulin regimen.

Mr. Pawochawog-Mequinosh has included two other claims – one asserting a violation of equal protection (Count III) and one under the Americans with Disabilities Act ("ADA") (Count IV). The equal protection claim simply repeats a legal standard with no facts in support of the contention that Mr. Pawochawog-Mequinosh was treated differently from similarly-situated individuals. The ADA claim recites the elements but lacks any facts from which an inference can be drawn that he was denied the insulin regimen of choice *because* of his disability. *Kiman v. N.H. Department of Corrections,* 451 F.3d 274, 285 (1st Cir. 2006) (treatment of amyotrophic lateral sclerosis ("ALS") was not so unreasonable as to warrant inference of discrimination under the ADA).

Mr. Pawochawog-Mequinosh is afforded thirty days, up to and including November 7, 2025, to file an Amended Complaint. If he does so, it will be reviewed under the plausible claim standard. If he does not do so, or if an Amended Complaint does not pass the 28 U.S.C. § 1915(a) standard, the case will be DISMISSED. Meanwhile, the Motions to Proceed *In Forma Pauperis* (ECF No. 2) and to appoint counsel (ECF No. 4) are deferred.

The Plaintiff has filed a few other Motions (ECF Nos. 5, 6, 7, 8, 9, 10, and 11). Except for the Motion to Preserve Evidence (ECF No. 11), they are all premature and are DENIED without prejudice.  The Motion to Preserve (ECF No. 11) is GRANTED.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 6, 2025